IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,991-01






EX PARTE JACKY CLAY REYNOLDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0417630A IN THE 8TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in this case of two
counts of indecency with a child, and was sentenced to ninety-nine years' imprisonment for each
count. The Sixth Court of Appeals affirmed his conviction, but reversed the sentences due to error
at the punishment phase of trial, and remanded to the trial court for a new punishment trial. 
Reynolds v. State, No. 06-05-00155-CR (Tex. App. - Texarkana, May 31, 2007, no pet). On
remand, Applicant entered into a plea in exchange for fifty-year sentences for the two indecency with
a child counts. He waived his right to appeal the re-sentencing as part of his plea.

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely advise Applicant of his right to petition for discretionary review pro
se when the court of appeals affirmed his conviction. This Court remanded to the trial court for an
affidavit from appellate counsel, and for findings of fact regarding whether there were issues raised
on Applicant's direct appeal from this conviction which pertained to the determination of guilt, as
opposed to the punishment phase of his trial. This Court also ordered the trial court to make findings
as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been
affirmed and that he had a right to file a pro se petition for discretionary review. 

 Appellate counsel submitted an affidavit, in which he states that he informed Applicant that
any further appeal from his conviction would have to be pro se, because he had not been appointed
to represent Applicant for discretionary review. However, appellate counsel states that he discussed
this matter with Applicant after Applicant had been returned to Hopkins County Jail to await his
retrial on punishment. Appellate counsel indicates that this discussion took place "on or about
August 30, 2007." The appellate opinion affirming Applicant's conviction but reversing his
punishment was issued on May 31, 2007. Therefore, the deadline for filing a petition for
discretionary review had already passed by the time counsel had this discussion with Applicant. 

 Appellate counsel's affidavit does not address the question of whether there were issues
raised on Applicant's direct appeal pertaining to the determination of guilt, which would have been
subject to further review by way of a petition for discretionary review in this Court. Nor do the trial
court's findings address this issue. Therefore, a second remand is necessary for determination of the
issues raised in Applicant's writ of habeas corpus. The trial court may obtain a second affidavit from
appellate counsel addressing the specific issues that were argued on direct appeal. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether there were issues raised on
Applicant's direct appeal from this conviction which pertained to the determination of guilt, as
opposed to the punishment phase of his trial. The trial court shall then make findings as to whether
Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and
that he had a right to file a pro se petition for discretionary review. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 11, 2009

Do not publish